UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                       :
  KATHERINE ALBIN,                           :
                              Plaintiff,    :
                                         :        13-CV-4356 (JPO)
                    -v-                :
                                         :      OPINION AND ORDER
  LVMH MOET LOUIS VUITTON, INC.;      :
  THOMAS PINK, INC.; and              :
  SUZANNE HUMBERT and SONIA PROULX, :
  individually and as aiders and abettors,     :
                               Defendants. :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

        Plaintiff Katherine Albin alleges that she failed to receive a promotion at work due to

discrimination against her on the basis of a recent pregnancy.  She sues her employer, Thomas

Pink, Inc.; her employer's parent company, LVMH Moet Louis Vuitton, Inc. ("Louis Vuitton");

and two senior managers for Thomas Pink, Suzanne Humbert and Sonia Proulx.  Albin brings

claims under Title VII of the Civil Rights Act of 1964, New York Executive Law § 292 *et seq.*,

and New York City Administrative Code § 8-107 *et seq.*  Defendants move for dismissal of the

claims.  For the reasons that follow, Defendants' motion is denied.

I.      **Background**

     A.     **Factual Background**[1]

        Albin began working in the Thomas Pink store at Columbus Circle in Manhattan in

January 2009.  She had her first child in August 2011, and she was out of work on maternity

leave from August through November 2011.  Shortly after Albin returned to work, her store

manager, Simon Cox, announced that he would be resigning at the end of December.  Albin

---

[1] All facts are as alleged in Plaintiff's complaint, which the Court accepts as true for purposes of
this motion.

emailed Defendant Sonia Proulx, the director of Thomas Pink's United States stores, and expressed interest in being promoted to manager. Proulx told Albin that she could meet with the human resources manager, Lauren Dalton, when Dalton returned to New York sometime in December.

Typically, when a store manager resigns, Defendants Suzanne Humbert (the United States President of Thomas Pink) and Proulx hire a replacement manager within a few weeks, so as to allow overlap between the incoming and outgoing managers. This did not occur in the present case. Dalton did not even speak with Albin about scheduling an interview until December 27, 2011, which was within days of Cox's departure. Since Dalton did not hire a replacement manager before Cox's leave, Albin began acting as interim store manager on December 28, 2011.

Dalton interviewed Albin in early January 2012. Dalton was noncommittal about the length of the interview process and whether Albin would be promoted. Proulx called Albin after the interview to discuss how it went, and based on Albin's description, Proulx said "I knew you would do good." (Dkt. No. 18 at ¶ 24.) Proulx told Albin that Humbert and other senior managers would want to meet with her before she was hired, but nobody followed up with Albin after her first interview.

On February 8, 2012, Humbert visited the Columbus Circle store and interviewed another candidate for the position. Humbert spoke with Albin briefly, but they did not discuss Albin's candidacy. Albin called Proulx on February 21 to ask about the status of her application. Proulx said that Humbert and another higher-level manager, who was in town from London, would be making a decision that week. Within two hours, Dalton emailed Albin to schedule an interview with Humbert for March 1—even though March 1 was after Proulx said Humbert would be

2

making her decision.  The manager from the London office did not meet with Albin while he was in New York.

Humbert interviewed Albin on March 1.  Humbert appeared to be unprepared for the interview—she did not have a copy of Albin's resume, nor did it appear that she had read it. On March 6, Proulx informed Albin that the candidate who was interviewed on February 8 had been hired for the position.  The next day, on March 7, an envelope arrived at the store containing a check for the new manager.  Based on the payroll system, a check could not have been printed for the new manager unless the manager had been put into the system much earlier, during the week of February 19, 2012.  Therefore, Albin's interview with Humbert was conducted after the position had already been filled.

The new manager is alleged to have had less relevant experience than Albin, had not worked in several years, had previously worked only at the Hamptons branch rather than a New York City store, and was of an age at which she was unlikely to become pregnant. Following these discoveries, Albin resigned on March 9, 2012.

### B.    Procedural Background

Plaintiff initiated this action on June 24, 2013. She amended her complaint on October 11, 2013.  Defendants filed a motion to dismiss on October 24, 2013, which Plaintiff opposed on November 27, 2013.

## II.    Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff must have alleged "enough facts to state a claim to relief that is plausible on its face." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Consideration of a Rule 12(b)(6) motion is limited to the factual allegations in the complaint and documents either attached to or incorporated by reference in the

complaint. *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F.Supp.2d 387, 392–93 (S.D.N.Y. 2010) (citing *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)).

## III.   Discussion

The memoranda of both parties argue over an outdated legal standard for motions to dismiss on Title VII discrimination claims.  Plaintiff and Defendants invoke the four-part *prima facie* test developed by *McDonnell Douglas* and its Second Circuit progeny.  *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).  Under this test, to assert a *prima facie* case of pregnancy discrimination under Title VII, "a plaintiff must demonstrate the following: (1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination."  W*right v. Monroe Community Hosp.*, 493 Fed. App'x 233, 236 (2d Cir. 2012); *see also Terry v. Ashcroft*, 336 F.3d 128, 137–38 (2d Cir. 2003) (ADEA); *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995).  Alternatively, "Plaintiff can satisfy the fourth element of the *prima facie* case by . . . showing that her position remained open and was ultimately filled by someone outside of the protected class." *Quaratino*, 71 F.3d at 64; *see also Kerzer v. Kingly Mfg.*, 156 F.3d 396, 401 (2d Cir. 1998); *Koppenal v. Nepera, Inc.*, 74 F. Supp. 2d 409, 412 (S.D.N.Y. 1999).  The parties contest whether Plaintiff has pleaded facts in support of the first and fourth elements in this case.

However, the Supreme Court has rejected the application of this "heightened pleading standard" for a claim to survive a motion to dismiss.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  The Court reversed the Second Circuit, holding that "this Court has never indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* at 511.  Consequently, "Plaintiff need not allege specific facts establishing a *prima*

*facie* case of discrimination" at the pleading stage. *Cortes v. City of New York*, 700 F. Supp. 2d 474, 483 (S.D.N.Y. 2010); *see also Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 328 (S.D.N.Y. 2010); *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010).

Nevertheless, "questions have been raised . . . as to *Swierkiewicz's* continued viability in light of *Twombly* and *Iqbal*." *Schwab v. Smalls*, 435 Fed. App'x 37, 40 (2d Cir. 2011); *see also Caskey v. Cnty. of Ontario*, 13-3058-CV, 2014 WL 1099232 (2d Cir. Mar. 21, 2014).  While "[t]he *Twombly* court held that *Swierkiewicz* remains good law," *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (citing *Twombly*, 550 U.S. at 569–70, 127 S.Ct. 1955), "some courts and commentators have concluded that *Twombly* and *Iqbal* repudiated *Swierkiewicz*, at least to the extent that *Swierkiewicz* relied upon pre-*Twombly* pleading standards." *Thai*, 726 F. Supp. 2d at 328.  As interpreted by this Circuit, the *Twombly*- and *Iqbal*-modified holding of *Swierkiewicz* requires that "the claim must be facially plausible, and must give fair notice to the defendants of the basis for the claim." *Thai* 726 F. Supp. 2d at 329; *see also Goodman v. Merrill Lynch & Co., Inc.*, 716 F. Supp. 2d 253, 259 (S.D.N.Y. 2010); *Fowler v. Scores Holding Co., Inc.*, 677 F. Supp. 2d 673, 679 (S.D.N.Y. 2009).

While there is still some disagreement over the appropriate pleading standard, it is unnecessary to address that dispute, because Plaintiff's "complaint alleges facts sufficient to state a claim of employment discrimination against [Defendants] under both the *Swierkiewicz* standard and the more demanding *McDonnell Douglas*-based approach…." *Schwab*, 435 Fed. App'x at 40.

### A.    Protected Class Membership

Title VII prohibits employers from discriminating "against any individual with respect to [her] . . . sex." 42 U.S.C.A. § 2000e-2(a)(1). Included in the protections regarding one's sex, "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or

on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C.A. § 2000e(k).

The determination that a particular woman is "affected by pregnancy, childbirth, or related

medical conditions" is made on a case-by-case basis. *Id.*; *see Helmes v. S. Colonie Cent. Sch.

*Dist.*, 564 F. Supp. 2d 137, 147 (N.D.N.Y. 2008); *Hesse v. Dolgencorp of New York, Inc.*, 10-

CV-421S, 2014 WL 1315337 (W.D.N.Y. Mar. 31, 2014).  While pregnant women, women who

very recently gave birth, and women on maternity leave are unquestionably within the protected

class of pregnant persons, "at some point in time such women are no longer 'affected by

pregnancy, childbirth, or related medical conditions' and, thus, are not protected." *Helmes*, 564

F. Supp. 2d at 147.

Distinguishing among previously pregnant women to determine who is still affected by

pregnancy requires selecting a temporal cutoff based on the facts of the given case.  *See Briggs v.*

*Women in Need, Inc.,* 819 F. Supp. 2d 119, 127 (E.D.N.Y. 2011); *Mento v. Potter*, 08-CV-74S,

2012 WL 1908920 (W.D.N.Y. May 25, 2012).  While ultimately dependent on the factual

situation of a specific claim, a pattern has developed in this Circuit establishing a loose line at

approximately four months from the date of birth.  *See Helmes*, 564 F.Supp.2d at 147 (protected

at nine weeks); *Briggs*, 819 F. Supp. 2d at 127 (protected at three months); *Koppenal*, 74 F.

Supp. 2d at 410 (protected at three to four months); *Quaratino*, 71 F.3d at 64 (protected at less

than four months); *Shafrir v. Ass'n of Reform Zionists of Am.*, 998 F. Supp. 355, 357 (S.D.N.Y.

1998) (protected at less than four months); *Pellegrino v. Cnty. of Orange*, 313 F. Supp. 2d 303,

317 (S.D.N.Y. 2004) (four months deemed weak correlation); *Keller v. Great Lakes Collection*

*Bureau, Inc.*, 2005 WL 2406002, at *5 (W.D.N.Y. Sept. 29, 2005) (not protected at two and a

half years).

However, even if this Court had at its disposal a firm temporal cutoff to define the outer

bounds of the pregnancy protected class, "another factor is the date of the adverse employment

action, and when it [is] first set in motion." *Mento*, 2012 WL 1908920 at *6; *see also Helmes*, 564 F.Supp.2d at 147.  In the present case, it is not instantly clear from what date the alleged discrimination should be judged.  If the discrimination originated from Plaintiff's initial email expressing interest in the managerial position, then the discriminatory act in question occurred just three and a half months after she gave birth.  (*See* Dkt. No. 18 at ¶ 15, 17.)  However, if the discriminatory act is not measured until either the date of hire of the other candidate (*id*. at ¶ 33), or the day Plaintiff received notice of her rejection (*id*. at ¶ 32), then the act in question transpired six or six and a half months from the date of birth, respectively.  Therefore, identifying when the adverse employment action occurred is likely necessary to determine whether Plaintiff is still considered affected by her past pregnancy.

However, "in construing the complaint, the court must . . . draw all inferences in the plaintiff's favor." *Gratton v. Jetblue Airways*, 04 CIV. 7561 (DLC), 2005 WL 1251786 (S.D.N.Y. May 25, 2005); *see also Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir.2003).  Based on Plaintiff's complaint, it is facially plausible that Defendants, upon receiving Plaintiff's email expressing interest in the managerial position, discriminatorily decided not to hire Plaintiff at that time, and that all subsequent proceedings were merely a "sham" (Dkt. No. 18 at ¶ 35.)  This allegation is potentially supported both by the suspicious timing of the payroll check for the new manager and the atypically delayed process in hiring a replacement manager.  (*Id*. at ¶¶ 19, 33.)  On that view, Plaintiff is properly classified as a member of the protected class of pregnant persons.  Since Plaintiff sent the email just three and a half months after she gave birth, she is comfortably situated among similar pregnancy discrimination cases.  *See Briggs*, 819 F. Supp. 2d at 127; *Koppenal*, 74 F. Supp. 2d at 410; *Quaratino*, 71 F.3d at 64; *Shafrir*, 998 F. Supp. at 357.  "Thus even though [P]laintiff was not pregnant at the time of her termination, there is sufficiently close temporal proximity between

her childbirth . . . and [the adverse action] to make her a member of the protected class for the purposes of this motion." *Briggs*, 819 F. Supp. 2d at 127.

      **B.**      **Inference of Discrimination**

      There are two equally valid ways for a plaintiff to fulfill the fourth element of a pregnancy discrimination claim under the *McDonnell Douglas* test: either by pleading "that the discharge occurred in circumstances giving rise to an inference of unlawful discrimination" or that "her position remained open and was ultimately filled by a non-pregnant employee." *Kerzer*, 156 F.3d at 401; *see also Quaratino*, 71 F.3d at 64; *Helmes*, 564 F. Supp. 2d at 148; *Koppenal*, 74 F. Supp. 2d at 412. Plaintiff at least pleads the latter of these two options.

      It is unnecessary at this stage in the proceedings for Plaintiff to plead additional facts supporting her claim, such as a pattern of discrimination, as Defendants appear to contend. Rather, "to satisfy the fourth element [P]laintiff can show that her position remained open and was ultimately filled by someone other than a woman affected by pregnancy, childbirth, or related medical conditions." *Helmes*, 564 F. Supp. 2d at 148. Plaintiff has met her burden at the pleading stage. It is undisputed that another candidate was hired for the managerial position after Plaintiff expressed interest and interviewed for the post. Further, Plaintiff alleges that "the new manager is of an age where she is unlikely to become pregnant, now or in the future." (Dkt. No. 18 at ¶ 38.) While Defendants concede that the new manager is also a woman, Plaintiff "is not limited to arguing that only men were treated more favorably. The fact that other, non-pregnant, women may have also been treated better . . . bolsters her contention that Defendant's alleged discriminatory conduct was pregnancy-based." *Mento*, 2012 WL 1908920 at *9.

      Therefore, even under the more rigorous *McDonnell Douglas* pleading standard, Plaintiff has sufficiently pleaded all required elements of a pregnancy discrimination claim. Her ability to meet the dictates of this test paired with her allegations that she was not promoted, that she was

recently pregnant and on maternity leave, that a candidate outside of her protected class was hired, that the candidate was hired before the Plaintiff received her second interview, and that the candidate was less qualified than the plaintiff (Dkt. No. 18 at ¶¶ at 15, 17, 32-34, 37-38), are together sufficient for the claim to meet the standard of plausibility.

IV.    **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is DENIED.  Defendants shall file their answer within 14 days.

The Clerk of Court is directed to close the motion at Docket Entry No. 19.

SO ORDERED.


Dated: July 8, 2014
       New York, New York

_____
                              J. PAUL OETKEN
                     United States District Judge